IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Wilfred Ramos-Martinez**,

    Petitioner,

       v.

**United States of America**,

    Respondent.

CIVIL NO. 16-2022 (PG)

## OPINION AND ORDER

Before the court is Wilfred Ramos-Martinez's (hereinafter "petitioner") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. On July 21, 2016, the government filed a motion to dismiss the petition (Docket No. 1) arguing that this is a second or successive motion under 28 U.S.C. § 2255, for which petitioner has not obtained authorization from the First Circuit Court of Appeals. See Docket No. 4. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss, and thus, **DENIES** and dismisses petitioner's second or successive motion to vacate.

### I. PROCEDURAL BACKGROUND

On April 22, 2002, petitioner pled guilty to conspiring to distribute in excess of one-hundred grams of heroin, and five kilograms of cocaine in violation of 21 U.S.C. § 846. See Crim. No. 01-057, Docket No. 325. The court sentenced petitioner to 262 months imprisonment after determining he was a career offender pursuant to U.S.S.G § 4B1.1. See Crim. No. 01-057, Docket No. 518. Petitioner filed a timely notice of appeal on December 12, 2002. Petitioner, however, failed to file an opening brief, and the appeal was dismissed for lack of diligent prosecution. See Crim. No. 01-057, Docket No. 608.

### II. FIRST MOTION UNDER 28 U.S.C. § 2255

On May 27, 2005, petitioner moved to vacate, set aside or modify his sentence under 28 U.S.C. § 2255. See Civ. No. 05-1564, Docket No. 1. That motion was denied with prejudice on March 24, 2009. See Civ. No. 05-1564, Docket No. 26. There, the court found that the one year period of the statute of limitations established by the Antiterrorism and Effective

Civil No. 16-2022 (PG)                                              Page **2**

Death Penalty Act of 1996 (AEDPA) for the filing of a timely § 2255 motion had begun in December of 2003. Insofar as petitioner filed his first § 2255 petition on May 27, 2005, the same was time barred. Petitioner's appeal thereto was subsequently dismissed. See Civ. No. 05-1564, Docket No. 35.

### III. SECOND MOTION UNDER 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner may move for post-conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426–27 n. 3 (1962); Barreto-Barreto v. United States, 551 F.3d 95, 98 (1st Cir.2008); David v. United States, 134 F.3d 470, 474 (1st Cir.1998).

"The burden is on the petitioner to show his entitlement to relief under section 2255." David, 134 F.3d at 474.

Congress has established certain limitations as well as requirements that must be met when seeking relief pursuant to § 2255. Among the limitations is the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Before submitting a second or successive petition under § 2255, it is necessary to obtain the proper certification from the court of appeals "authorizing the district court to consider the [§ 2255] application." 28

Case 3:16-cv-02022-PG   Document 5   Filed 09/19/16   Page 3 of 3

Civil No. 16-2022 (PG)                                          Page **3**

U.S.C. § 2244(b)(3)(A); Ramirez-Burgos v. United States, 990 F. Supp. 2d 108, 115 (D.P.R.2013); Cintron–Caraballo v. United States, 865 F.Supp.2d 191, 196–197 (D.P.R.2012). Absent the proper certification from the court of appeals, the district court is without jurisdiction and, therefore, precluded from entertaining a § 2255 application. See Bucci v. United States, 809 F.3d 23 (1st Cir.2015)(holding that the district court lacked jurisdiction to entertain defendant's second or successive motion to vacate, and instead, was required to either deny or transfer the same to court of appeals because the defendant never received authorization from said court to file the second or successive motion); see also Trenkler v. United States, 536 F.3d 85 (1st Cir.2008). If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. See e.g. Moreno–Morales v. United States, 334 F.3d 140, 145 (1st Cir.2003).

The present petition is a second or successive § 2255 motion, for which petitioner should have requested authorization from the First Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has made no such request. Therefore, this court is precluded from considering his petition at this time. See United States v. Key, 205 F.3d 773, 774 (1st Cir.2000).

### IV.   CONCLUSION

In light of the foregoing, this court finds it is without jurisdiction to entertain petitioner Wilfred Ramos-Martinez's second or successive motion to vacate pursuant to 28 U.S.C. § 2255. Accordingly, the court hereby **GRANTS** the government's motion to dismiss (Docket No. 4), and thus, **DENIES AND DISMISSES** petitioner's second or successive motion to vacate.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 19, 2016.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR U.S. DISTRICT JUDGE**